Scott A. Lucas (SL-6316)
Steven M. Sack (SS-4479)
Law Offices of Scott A. Lucas
The Lincoln Building – Suite 1001
60 East 42nd Street
New York, NY 10165
(212) 573-6906

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| YOU YOU XIA, PETER CLASEN and CHULEEPORN PHUTRAKUL, individually and on behalf of all others similarly situated, | 08-cv-4415 (JGK) |
| | COMPLAINT |
| *Plaintiffs*, | COLLECTIVE AND CLASS ACTION |
| -against- | ECF CASE |
| BYO CO. (USA), LTD. d/b/a EN and REIKA YO, | |
| *Defendants*. | |

--------------------------------------------------------X

   Plaintiffs YOU YOU XIA, PETER CLASEN and CHULEEPORN

PHUTRAKUL (collectively, "Plaintiffs"), individually, and on behalf of all

others similarly situated, by their attorneys, the Law Offices of Scott A.

Lucas, allege as follows for their Complaint against Defendants BYO CO.

(USA), LTD. d/b/a EN and REIKA YO (collectively, "Defendants"):

## **INTRODUCTION**

   1.    This action is brought to recover unpaid minimum wages

and unlawfully expropriated tips pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

      2.     Since it was founded in September 2004, the Japanese brasserie in lower Manhattan known as "EN" has failed to compensate its waitstaff at the federal and state minimum wage and has unlawfully expropriated and redistributed part of the waitstaff's tips.

      3.     Plaintiffs seek compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to them, as well as other unpaid minimum wages, unpaid tips, liquidated damages, attorney's fees, interest and costs under the FLSA and NYLL.

## JURISDICTION & VENUE

      4.     This Court possesses subject matter jurisdiction over Plaintiffs' claims alleging violations of the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

      5.     The events and omissions giving rise to the claims herein occurred in this judicial district.  Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391.

## THE PARTIES

**Plaintiffs**

6.      Plaintiff YOU YOU XIA is a natural person currently residing at 179 Prince Street, apt. 20, New York, New York.

7.      Plaintiff YOU YOU XIA was employed by EN from September 2004 through July 2007, working primarily as a server.

8.      Plaintiff PETER CLASEN is a natural person currently residing at 300West 110th Street, apt. 20K, New York, New York.

9.      Plaintiff PETER CLASEN was employed by EN from August 2005 through July 2007, working primarily as a server.

10.     Plaintiff CHULEEPORN PHUTRAKUL is a natural person currently residing at 2958 Murdock Rd., Wantaugh, New York.

11.     Plaintiff CHULEEPORN PHUTRAKUL was employed by EN from about November 2005 through August 2007, working as a runner and as a server.

12.     At all times mentioned herein, Plaintiffs regularly engaged in interstate commerce in connection with their employment, including, but not limited to, participating in the handling of credit card transactions that involve the interstate banking and finance systems, and in the rendition of services to out-of-state patrons.

**Defendants**

13.     Upon information and belief, Defendant BYO CO. (USA), LTD. d/b/a EN (hereinafter, "EN") is a corporation organized and existing under the laws of the State of New York, which operates as an upscale Japanese restaurant at 435 Hudson Street in lower Manhattan.

14.     Upon information and belief, Defendant REIKA YO is a resident of the State, City and County of New York.

15.     Upon information and belief, at all times mentioned herein REIKA YO was an owner, operator and manager of EN.

16.     Upon information and belief, at all times mentioned herein REIKA YO was an agent of EN, and in doing the things alleged in this Complaint was acting within the course and scope of such agency.

17.     Upon information and belief, at all times mentioned herein, each Defendant was, in relation to plaintiffs, an employer or joint employer of Plaintiffs.

18.     Upon information and belief, at all times mentioned herein, each Defendant had actual or constructive knowledge of, and directed, controlled, ratified, participated in, condoned and/or was a moving force behind the wage and hour violations alleged herein.

19.    Upon information and belief, each Defendant has benefited, either directly or indirectly, from the wage-related underpayments described in greater detail herein.

20.    At all times mentioned herein, Defendants, collectively and individually, had at least two employees engaged in commerce.

21.    At all times mentioned herein, the activities described herein of Defendants were related and performed through common control for a common business purpose, and constituted an enterprise within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203[r]).

22.    At all times mentioned herein, Defendants employed employees at EN's premises in handling, selling, or otherwise working on goods and materials, including, but not limited to, food and alcoholic and other beverages which had moved in or been produced for commerce by other persons.

23.    Upon information and belief, at all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.

## CLASS ACTION ALLEGATIONS

24.    The claims in this Complaint arising under the NYLL are brought by plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked as members of the waitstaff (*i.e.*, servers, runners, bussers and bartenders) at EN between September 2004 and the date of final judgment in this matter (sometimes referred to herein as the "Rule 23 Class").

25.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

26.    EN has a seating capacity of 200 and, in any given week, employs approximately 15-20 waitstaff employees (servers, runners, bussers and bartenders).

27.    EN's waitstaff, in any given week, consists of approximately 10-12 servers, 4 runners, 3 bussers and 2 bartenders.

28.    There is generally a high turnover among waitstaff employees at EN.

29.    Upon information and belief, the size of the Rule 23 class is at least 50 persons, although the precise number of such employees is not known by plaintiffs at this time.  Facts needed to ascertain the precise size of the class are presently within the sole control of Defendants.

30.     Defendants have acted or have failed and/or refused to act on grounds generally applicable to the Rule 23 Class.

31.     Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including, *inter alia*, the following:

(a)     whether Defendants violated NYLL §§ 652, 196-d and 193 as alleged herein;

(b)     whether Defendants unlawfully created and implemented tip pooling schemes whereby EN's waitstaff has been forced to share part of their tips and gratuity charges with managers, kitchen staff and other employees who do not customarily and regularly receive tips;

(c)     whether Defendants failed to pay the waitstaff's minimum wage, and whether Defendants made unlawful deductions from the waitstaff's pay; and

(d)     the nature and extent of the class-wide injury and the measure of damages for those injuries.

32.     The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class have worked as members of EN's waitstaff within six years prior to filing this Complaint.  They enjoy comparable statutory rights to be paid for all hours worked, to be paid not less than the minimum wage, and to keep the tips and gratuity charges they earn.

33.    Plaintiffs and the Rule 23 Class Members have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

34.    Plaintiffs and the Rule 23 Class have all been under-compensated due to Defendants' common policies, procedures and practices.

35.    Plaintiffs will fairly and adequately protect the interests of the members of the Rule 23 Class, and have retained counsel competent and experienced in wage and hour litigation.  There is no conflict between Plaintiffs and the Rule 23 Class Members.

36.    The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' systemic policies, practices and procedures.

37.    A class action is superior to other available methods for the fair and efficient adjudication of this dispute because, *inter alia*:

    (A)    the relative damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation;

    (B)    individual restaurant workers (including EN's past and present waitstaff employees) generally lack the financial resources to hire attorneys to vigorously prosecute their claims, much less to conduct a thorough examination of Defendants' time-keeping and compensation practices;

    (C)    many if not most of EN's past and present waitstaff employees would, upon information and belief, be

reluctant to individually file or otherwise affirmatively assert claims against Defendants outside of the protective umbrella of a class action because most of them are immigrants from Japan or other countries with cultural traditions that place less emphasis on individual rights, and that are not generally supportive of employees asserting their rights individually; and

(D)    a class action will obviate the need for unduly duplicative litigation that could result in inconsistent judgments concerning the legality of Defendants' practices and the damages recoverable for specific types of employment law violations.

38.    This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

39.    The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons who have worked at EN since at least September 2004, and who elect to opt-in to this action (the "FLSA Collective").

40.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.

41.    The employment culture at EN was such that inquiries by employees concerning their rights were generally viewed by EN with suspicion or disapproval, or both.  As a result, waitstaff employees were

often reluctant to ask such questions, or to articulate their concerns; on the rare occasions when such questions were asked or when such concerns were articulated, the waitstaff's employees generally did so in a timid, muted fashion for fear of adverse consequences.

42.    In addition, Defendants violated their obligation to post the notice required by the FLSA, 29 C.F.R. § 516.4.

43.    Defendants failed to post any sort of FLSA-related notice until spring of 2007, at which time Defendants, upon information and belief, learned that the New York State Department of Labor would be showing up at the restaurant.

44.    Plaintiffs (and, upon information and belief, EN's other waitstaff employees), did not have actual notice of their rights under the FLSA at any time prior to spring of 2007.

45.    Upon information and belief, there are at least 50 similarly situated current and former employees of EN who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of and opportunity to join this lawsuit.

46.    Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

47.     Pursuant to 29 U.S.C. § 216(b) these similarly situated employees should be notified of and allowed to opt into this action.

## CLASS-WIDE ALLEGATIONS

48.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively, the "Class Members") have been victims of Defendants' policies and practices that violate the FLSA and NYLL by, *inter alia*, willfully confiscating or unlawfully retaining a portion of the tips and gratuity charges to which they are entitled under Labor Law § 196-d, failing to pay the statutorily-mandated minimum wage, and taking unlawful deductions from Plaintiffs' paychecks.

49.     Plaintiffs and Class Members are employees who, during their employment at EN, fell under the category of "tipped employees" who regularly and customarily earned more than $30 per month in tips (29 U.S.C. 203[t]), and were required by Defendants to participate in a tip-pooling scheme.

50.     As part of its regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice and/or policy of violating the FLSA and NYLL, by, *inter alia*, depriving the waitstaff of the tips that they

earned, improperly taking a "tip credit" for waitstaff employees,

redistributing portions of the tips earned by the waitstaff to employees who

are not entitled to such tips under the FLSA and the NYLL, and failing to

pay waitstaff employees for all of their time worked.

        51.    Defendants have engaged in this unlawful conduct

pursuant to a company policy of using the waitstaff's tips to subsidize the

labor costs of non-waitstaff employees, and of otherwise reducing the

waitstaff's compensation by failing to pay them the minimum wage as

required by law and failing to pay them for all of the time they spent

working for EN.

        52.    Defendants' unlawful conduct has been intentional,

willful, and in bad faith and has caused significant harm to Plaintiffs and the

Class Members.


## THE "TIP POOL" AT EN

        53.    Defendants created and administered a compulsory tip

pooling scheme whereby EN's servers are and were required to turn over all

of their tips to EN's management at the end of their shift.

        54.    After the servers turned in their tips, EN's management

pooled the tips and redistributed the pooled tips not only to the waitstaff

(servers, bussers, runners and bartenders), but also to employees and agents of EN who were not members of the waitstaff and whose direct interaction with customers was either *de minimis* or non-existent, including EN's managers and, at one time, EN's kitchen employees.

55.    Upon information and belief, EN also redistributed a percentage of their tips to EN's wine steward even though he did not have any direct interaction with most customers.

56.    Although Plaintiffs (and, upon information and belief, EN's other waitstaff employees) did not object in principle to sharing a percentage of their tips with other members of the waitstaff (bussers, runners and bartenders), or with the one floor manager who did often directly assist and/or interact with customers (Miki Kanematsu), they did not agree and would not have agreed to have a portion of their tips redistributed to EN's management, kitchen employees, wine steward or any other non-waitstaff employees or agents.

57.    In the spring of 2006, Plaintiff You You Xia asked Floor Manager Miki Kanematsu about the issue of the waitstaff's tips being paid to managers, and Ms. Kanematsu told her, in words or substance, that the money was being used to pay for going away parties and for Christmas or holiday parties.

13

58.    Upon information and belief, EN's then-General Manager Yuki Yamashita thereafter made a similar statement to one or more of EN's other waitstaff employees.

59.    Plaintiffs (and, upon information and belief, EN's other waitstaff employees) never consented to having a portion their tips being allegedly used to throw parties.

60.    Because Defendants established and enforced an illegal tip-pooling scheme at EN, they were not entitled to reduce the minimum wages of Plaintiffs and other waitstaff employees by applying the tip credit allowance available under the FLSA and NYLL.

61.    Defendants' unlawful application of the tip credit has deprived Plaintiffs and EN's other waitstaff employees of the statutory minimum wage under the FLSA and the NYLL.

## FIRST CAUSE OF ACTION

## UNPAID MINIMUM WAGE
### (Brought on behalf of Plaintiffs and the FLSA Collective)

62.    The allegations of paragraphs 1 – 61 of the Complaint are incorporated herein by reference.

63.    EN and Reika Yo are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

64.    Defendants were required to pay directly to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

65.    Defendants were not eligible to utilize the lower federal minimum wage rate that is potentially available with respect to customarily tipped employees because, *inter alia*, Defendants were required and failed to inform Plaintiffs and EN's other waitstaff employees of the provisions of 29 U.S.C. § 203(m), and because Defendants unlawfully redistributed waitstaff tips to employees who did not customarily and regularly receive tips, which also violated 29 U.S.C. § 203(m).

66.    Defendants paid Plaintiffs and EN's other waitstaff employees less than the minimum wage even though Defendants were not entitled to take the minimum wage "tip credit".

67.    Defendants also implemented policies and practices which further violated their minimum wage obligations, including:

(A)    not paying EN's waitstaff employees (including Plaintiffs Peter Clasen and Chuleeporn Phutrakul) for the work they performed with EN's knowledge and approval before the designated start time of their shift;

(B)    altering the computer-recorded start time in order to deduct the first 20-30 minutes of pay for EN's waitstaff employees (including all three named Plaintiffs) when they were a few minutes late for work;

(C)    requiring EN's waitstaff employees (including all three
Plaintiffs) to attend certain staff training meetings
without paying them for doing so.

68.    Defendants failed to pay Plaintiffs and EN's other
waitstaff employees the minimum wages to which they were entitled under
29 U.S.C. § 206.

69.    Defendants had actual or constructive knowledge that the
practices described herein were unlawful and have not made a good faith
effort to comply with the FLSA with respect to the compensation of
Plaintiffs and EN's other waitstaff employees.

70.    As a result of Defendants' willful violations of the FLSA,
Plaintiffs and EN's other waitstaff employees have suffered damages by
being denied minimum wages in accordance with the FLSA in amounts to
be determined at trial, and are entitled to recover such amounts, as well as
liquidated damages, pre-judgment interest, attorney's fees, costs,
disbursements and other compensation pursuant to 29 U.S.C. § 216(b).


## SECOND CAUSE OF ACTION

### UNPAID MINIMUM WAGE
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

71.    The allegations of paragraphs 1 – 70 of the Complaint are
incorporated herein by reference.

16

72.    Articles 6 and 19 of the NYLL expressly provide a private right of action for violations thereof.  Labor Law §§ 193; 198; 663(1).

73.    At all relevant times herein Plaintiffs and the other members of EN's waitstaff have been "employees" and Defendants have been "employers" within the meaning of NYLL §§ 651(5), 652 and 190.

74.    NYLL § 652(4) expressly mandates that New York's minimum wage for customarily and regularly tipped employees shall exceed the cash wage payable under 29 U.S.C. § 203(m), and the cash wage payable for tipped employees under 29 U.S.C. § 203(m) cannot be lawfully reduced below the basic minimum wage rate *unless* such employees:

(A)    have been informed of the provisions of  29 U.S.C. § 203(m); *and*

(B)    are permitted to retain their tips without having any portion thereof distributed to employees who are not customarily and regularly tipped.

75.    Because Defendants did not explain the provisions of 29 U.S.C. § 203(m) to EN's waitstaff employees, and retained or distributed part of their tips to employees who were not customarily and regularly tipped, they could not legally avail themselves of the reduced minimum wage potentially available under the NYLL for tipped employees.

76.     In addition to the above-referenced minimum wage violations, Defendants violated their minimum wage obligations under the NYLL by failing to comply with the provisions of § 137-1.8 of Title 12 of New York's Codes, Rules and Regulations ("NYCRR"), which Labor Law § 652(2) incorporates by reference.

77.     The Minimum Wage Order codified at 12 NYCRR § 137-1.8 requires employers to either launder their employees' work uniforms or to pay their employees a prescribed amount per week attributable to the cost of doing so themselves.

78.     Plaintiffs and EN's other waitstaff employees were required to launder and maintain their work uniforms, but were not paid the minimum weekly amounts set forth in 12 NYCRR § 137-1.8.

79.     Defendants failed to pay Plaintiffs and EN's other waitstaff employees the minimum wages to which they are entitled under the NYLL.

80.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs and EN's other waitstaff employees the minimum hourly wages to which they were entitled.

81.     As a result of Defendants' NYLL violations, Plaintiffs and EN's other waitstaff employees are entitled to recover their unpaid

wages, as well as reasonable attorney's fees, costs, disbursements and prejudgment interest.

## THIRD CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS IN VIOLATION OF THE NYLL
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

82.    The allegations of paragraphs 1 – 81 of the Complaint are incorporated herein by reference.

83.    NYLL § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

84.    Defendants deliberately and unlawfully confiscated and retained tips and gratuity charges belonging to the waitstaff and redistributed a portion thereof to, *inter alia*, employees who are not customarily and regularly tipped, including, without limitation, managers, kitchen workers and the wine steward.

85.    Plaintiffs and EN's other waitstaff employees are entitled to recover from Defendants their unpaid tips and wages, together with reasonable attorney's fees, prejudgment interest, costs and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA

Collective and the Rule 23 Class, respectfully request a judgment:

(A)    Authorizing the issuance of notice informing all members of Defendants' waitstaff employed at any time since September 2004 of the nature of this action and of their right to opt into it;

(B)    Certifying this case as a class action under Fed. R. Civ. P. Rule 23;

(C)    Awarding Plaintiffs, the FLSA Collective and the Rule 23 Class damages for unpaid wages and tips which were unlawfully confiscated and redistributed to employees and agents who are not customarily tipped;

(D)    Awarding liquidated damages to Plaintiffs and the FLSA Collective in an amount equal to twice the total amount of the wages found to be due pursuant to 29 U.S.C. §§ 216 and 260.  (Plaintiffs do not seek liquidated damages in connection with their NYLL claim.); and

(E)    Awarding Plaintiffs, the FLSA Collective and the Rule 23 Class reasonable attorney's fees and costs under the FLSA and NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. Rule 38, Plaintiffs demand a trial by jury.

Dated:      New York, New York
            May 9, 2008
                              LAW OFFICES OF SCOTT A. LUCAS
                              By_____/s/_____
                                  Scott A. Lucas (SL-6316)
                                  Steven M. Sack, Of Counsel (SS-4479)
                                  The Lincoln Building – Suite 1001
                                  60 East 42nd Street
                                  New York, NY 10165
                                  (212) 573-6906
                                  *Attorneys for Plaintiffs*