UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
YOU YOU XIA, PETER CLASEN and        08-cv-4415 (JGK)
CHULEEPORN PHUTRAKUL, individually
and on behalf of all others similarly situated,

           *Plaintiffs*,

     -against-

BYO CO. (USA), LTD. d/b/a EN
and REIKA YO,

           *Defendants*.
--------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CASE AS AN FLSA COLLECTIVE ACTION AND AS A RULE 23 CLASS ACTION


Scott A. Lucas (SL-6316)
Steven M. Sack (SS-4479)
LAW OFFICES OF SCOTT A. LUCAS
The Lincoln Building – Suite 1001
60 East 42nd Street
New York, NY 10165
(212) 573-6906

*Attorneys for Plaintiffs*

(i)

## **TABLE OF CONTENTS**

**Page**

**INTRODUCTION**    .    .    .    .    .    .    .    1

**SUMMARY OF ARGUMENT**    .    .    .    .    .    2

**PROCEDURAL POSTURE OF THE CASE**    .    .    .    3

**FACTS**    .    .    .    .    .    .    .    .    .    4

### **ARGUMENT**

I.    The court should approve Plaintiffs' proposed
collective action notice and compel Defendants
to disclose the names, addresses and telephone numbers
of individuals similarly situated to Plaintiffs    .    .    7

II.    The court should exercise supplemental jurisdiction
Over Plaintiffs' state law claims    .    .    .    .    10

  A.    The state law minimum wage claim
primarily depends on
the application of federal law    .    .    .    .    10

  B.    The NYLL § 196-d claim involves
the same dispositive issue
that must be litigated
in connection with Plaintiffs' FLSA claim    .    .    11

  C.    Exercising supplemental jurisdiction will avoid
wasteful, duplicative litigation
and inconsistent results    .    .    .    .    .    13

III.    The requirements for class certification
under rule 23(a) are satisfied    .    .    .    .    .    14

(ii)

**A.**   **Plaintiffs are so numerous that joinder is impracticable** . . . .   17

**B.**   **Plaintiffs share common questions of law and fact**   18

**C.**   **Plaintiffs' claims are typical of the class** . .   19

**D.**   **Plaintiffs will adequately represent the class** .   20

**IV.**   **Plaintiffs' state law claims are maintainable as a class action under rule 23(b)** .   22

**A.**   **Common questions of law and fact predominate** .   22

**B.**   **Class Treatment is Superior to other alternatives**   23

**CONCLUSION** . . . . . . . .   24

(iii)

# **<u>TABLE OF AUTHORITIES</u>**

**Page**

### <u>Cases</u>

*Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82 (S.D.N.Y. 1989)          18

*Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81
(S.D.N.Y. 2001)    .    .    .    .    .    .    . 13, 15, 17-19, 23

*Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335
(2d Cir. 1978)    .    .    .    .    .    .    .          7

*Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283 (2d Cir.1999),
*superseded by statute on other grounds as stated in Attenborough
v. Constr. & Gen. Bldg. Laborers' Local 79,*
238 F.R.D. 82 (S.D.N.Y. 2006) .    .    .    .    .          14-15

*Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. 2007)      11-12

*Chung v. New Silver Palace Restaurant, Inc.,* 272 F.Supp.2d 314
(S.D.N.Y.2003)    .    .    .    .    .    .    .          12

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473
(2d Cir. 1995)    .    .    .    .    .    .    .          17

*Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007)

*Gary Plastic Packaging Corp***.** *v. Merrill Lynch, Pierce, Fenner & Smith,
Inc.***,** 903 F.2d 176 (2d Cir. 1990)    .    .    .    .          15

*Hoffmann v. Sbarro*, 982 F.Supp. 249 (S.D.N.Y.1997)    .          8

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363
(S.D.N.Y. 2007)    .    .    .    .    .    .    .          7-8, 22

*Marisol A. ex rel. Forbes v. Giuliani*, 929 F.Supp. 662 (S.D.N.Y.1996),
*aff'd*, 126 F.3d 372 (2d Cir.1997)    .    .    .    .          18

(iv)

*Playmobil Antitrust Litigation***,** 35 F.Supp.2d 231 (E.D.N.Y. 1998)          15

*Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y. 1998)     8, 23

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)    .        .        17, 20

*Samiento, et al. v. World Yacht, Inc., et al.*, 10 N.Y.3d 70 (2008)          21

*Sipas v. Sammy's Fishbox, Inc.*, 2006 WL 1084556
(S.D.N.Y. April 24, 2006)          .        .        .        .        .          9

*Sosna v. Iowa,* 419 U.S. 393 (1975)    .        .        .        .          20

*Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995), abrogated on other
grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)          14

*Torres v. Gristede's Operating Corp.*, 2006 WL 2819730
(S.D.N.Y. Sept. 29, 2006)          .        .        .        .        .          23

*United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)          .          12

In re Visa Check/MasterMoney Antitrust Litig.,
280 F.3d 124 (2d Cir. 2001)          .        .        .        .        .          14

*Wraga v. Marble Lite, Inc.*, 2006 WL 2443554
(E.D.N.Y. Aug. 22, 2006)          .        .        .        .        .          7-8

*Young v. Cooper,* 229 F.R.D. 50 (S.D.N.Y.2005)    .        .          8

*In re Zyprexa Products Liability Litigation*,
2008 WL 2696916 (E.D.N.Y. July 2, 2008)    .        .        .          21

(v)

## <u>Statutes</u>

Fed. R. Civ. P. Rule 23 . . . . . *passim*

29 U.S.C. § 201, *et seq.* . . . . . *passim*

29 U.S.C. § 203(m) . . . . . *passim*

New York Labor Law § 196-d . . . . *passim*

New York Labor Law § 663 . . . . 1

New York Labor Law § 190 . . . . 1

## <u>Other Authorities</u>

Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) *passim*

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO CERTIFY THIS CASE
AS AN FLSA COLLECTIVE ACTION AND
AS A RULE 23 CLASS ACTION**

## INTRODUCTION

In this action, Plaintiffs, on behalf of themselves and a class of similarly situated current and former waitstaff employees of the restaurant known as "EN Japanese Brasserie," or "EN," seek to recover, *inter alia*, unpaid minimum wage payments and unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Comp. ¶¶ 63-70) and the New York Labor Law §§ 663 and 190, *et seq.* ("NYLL") (Comp. ¶¶ 72-78, 83-84).

Plaintiffs now move for an order: **(A)** approving their proposed collective action notice under section 216(b) of the FLSA and compelling Defendants to immediately disclose the names and last known addresses and telephone numbers of each former and current server, bartender, busser and runner who worked at EN from September 1, 2004 to the present; and **(B)** certifying this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, for a class consisting of all persons who have worked at EN as servers, bartenders, runners or bussers from September 1, 2004 to the date of final judgment in this matter.

## SUMMARY OF ARGUMENT

Under federal law an employer may take a "tip credit" and pay its tipped employees less than the minimum wage if – but only if – those employees are notified of their rights under federal law and are *not* required to "share" their tips with employees who are not tipped employees. 29 U.S.C. § 203(m). These requirements are strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage. In spite of this law, EN paid its tipped employees less than the minimum wage while requiring them to "share" a portion of their tips with non-tipped employees, including Floor Managers, General Managers, kitchen employees (cooks and dishwashers), and the wine steward. Defendants also failed to pay waitstaff employees for all of their time worked on numerous occasions.

Accordingly, Defendants are liable to Plaintiffs for unpaid minimum wage payments under federal law, and, by extension, state law, which incorporates the FLSA's minimum wage and tip credit provisions by reference. *See* NYLL § 652(4) ("[T]he cash wage payable under [NYLL § 652] shall automatically be increased by the proportionate increase in the cash wage payable under [29 U.S.C. § 203(m)][.])"

Besides violating the minimum wage laws, the diversion of tips to employees who are not tipped employees violates NYLL § 196-d, which states, in pertinent part, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

As detailed below, and in the accompanying Declarations, this case should be allowed to proceed as an FLSA collective action, and should also be certified as a Rule 23(b)(3) class action because all of the requirements for class certification are met. *See Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007) (Crotty, J.) (granting Rule 23 class certification in a very similar action by restaurant waiters seeking to recover expropriated tips under NYLL § 196-d and unpaid minimum wage payments under federal and state law).

## PROCEDURAL POSTURE OF THE CASE

This action was commenced on May 9, 2008. Consents to become party plaintiffs for an FLSA collective action were filed by Plaintiff Chuleeporn Phutrakul on June 9, 2008 and by Plaintiffs You You Xia and Peter Clasen on June 11, 2008.

The extended deadline for Defendants' Answer is tomorrow (August 29, 2008).


## FACTS

The facts relevant to this motion are more fully described in the Complaint annexed as Ex. "A" to the accompanying Declaration of Scott A. Lucas ("Lucas Decl."), and in the accompanying Declarations of You You Xia ("Xia Decl."), Peter Clasen ("Clasen Decl.") and Chuleeporn Phutrakul ("Phutrakul Decl.").  The following is a brief summary of those facts.

### A.    The Parties

Plaintiffs You You Xia, Peter Clasen and Chuleeporn Phutrakul worked at waitstaff employees of EN (primarily as servers) at various times from September 2004 through August 2007.   (Comp. ¶ 9-11)

Defendant BYO CO. (USA), LTD. d/b/a EN ("EN") is a New York corporation which operates as an upscale Japanese restaurant at 435 Hudson Street in lower Manhattan.  (Comp. ¶ 13)

EN's owner (or co-owner) is Reika Yo.  Ms. Yo is involved in the Management of EN.  (Comp. ¶ 15)

EN employs about 15-20 waitstaff employees in any given week. (Comp. ¶ 26)  There is generally a high turnover among waitstaff employees at EN.  (Comp. ¶ 28)  From September 2004 to date EN has employed at least 55 waitstaff employees (servers, runners, bussers and bartenders).  *See* Xia Decl. ¶ 12 and Ex. "A" annexed thereto.

## B.    EN's Compulsory "Tip Pool"

EN pays its waitstaff less than minimum wage, taking a purported "tip credit" against the minimum wage under the FLSA and the NYLL.  (Comp. ¶ 50)

EN created and administered a compulsory tip pooling scheme whereby EN's servers were required to turn over all of their tips to EN's management at the end of their shift.  (Comp. ¶ 53)

After the servers turned in their tips, EN's management pooled the tips and redistributed the pooled tips not only to the waitstaff (servers, bussers, runners and bartenders), but also to employees and agents of EN who were not members of the waitstaff and whose direct interaction with customers was either *de minimis* or non-existent, including EN's managers and, at one point, EN's kitchen employees.  (Comp. ¶ 54)

EN also redistributed a percentage of their tips to EN's wine steward even though he did not have any direct interaction with most customers. (Comp. ¶ 55)

Although Plaintiffs (and EN's other waitstaff employees) have not registered any known objections to sharing a percentage of their tips with other members of the waitstaff (bussers, runners and bartenders), or with the one floor manager who did often directly assist and/or interact with customers (Miki Kanematsu), they did not agree and would not have agreed to EN's practice of redistributing a portion of the waitstaff's tips to EN's management, kitchen employees, wine steward or any other non-waitstaff employees or agents. (Comp. ¶ 56)

While "tip pool" distribution practices varied slightly over time, EN's tip pool was consistently unlawful and always involved the diversion of tip income to management employees. (Xia Decl. ¶¶ 16-38). Accordingly, Defendants have manipulated the established custom of tipping and used it as a device to subsidize their labor costs for managerial employees, production employees, and other non-wait staff employees.

## C.    Partial Review by the NYSDOL

In the past month the New York Department of Labor (NYSDOL) has apparently found that EN violated NYLL § 196-d in diverting tip income to

non-tipped employees.  However, it appears that EN has concealed from the

NYSDOL the magnitude of its tip diversions.  (Xia Aff. ¶¶ 40-49).

## ARGUMENT

### POINT I

**THE COURT SHOULD APPROVE PLAINTIFFS'
PROPOSED COLLECTIVE ACTION NOTICE
AND COMPEL DEFENDANTS TO DISCLOSE
THE NAMES, ADDRESSES AND TELEPHONE NUMBERS
OF INDIVIDUALS SIMILARLY SITUATED TO PLAINTIFFS**

Under the FLSA, Plaintiffs may maintain an action "for and on behalf

of … themselves and other employees similarly situated."  29 U.S.C. §

216(b).  To join as Plaintiffs in the litigation, each similarly situated

employee must give his or her consent in a writing filed with the court.

FLSA cases should, where possible, be certified as collective actions in light

of the "broad remedial purpose of the Act, which should be given liberal

construction, as well as with the interest of the courts in avoiding

multiplicity of suits."  *Braunstein v. Eastern Photographic Laboratories,

Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); *accord*, *Iglesias-Mendoza v. La Belle

Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).

As the district court stated in *Wraga v. Marble Lite, Inc.*, 2006 WL

2443554 (E.D.N.Y. Aug. 22, 2006):

A district court may permit an opt-in notice to be sent to potential plaintiffs where the plaintiff bringing the suit has demonstrated that "similarly situated" potential class members may exist. *E.g., Hoffmann v. Sbarro,* 982 F.Supp. 249, 261 (S.D.N.Y.1997).  [footnote omitted]  A plaintiff may meet this burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 261 (citing cases). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated." *Id.; see also Young v. Cooper,* 229 F.R.D. 50, 55 (S.D.N.Y.2005) (plaintiffs face "only a very limited burden ... for purposes of proceeding as a collective action."). To satisfy that burden, a named plaintiff need not show an actual violation of the FLSA, but merely that a "factual nexus" exists between his or her situation and the situation of other current and former employees. *Hoffman,* 982 F.Supp. at 262.

To give potential class members an opportunity to join the collective action, the court will also direct the Defendants to furnish the names and last known contact information of current and former similarly situated employees so the collective action notice can reach its intended recipients. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, *supra*, 239 F.R.D. 363, 370 (S.D.N.Y. 2007), *citing Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 309-10 (S.D.N.Y. 1998).

Here, the Complaint and the Declarations submitted by Plaintiffs and their counsel demonstrate that the named Plaintiffs and the members of the putative class are similarly situated.  Each Plaintiff worked as a waitstaff employee of a single restaurant at a single location (EN, located at 435

Hudson Street in Manhattan) during the relevant period, and performed the same or similar duties, specifically, directly serving the restaurant's customers.  (Comp. ¶¶ 7, 9, 11, 13)  These individuals were subject to Defendants' policies of failing to pay minimum wages and diverting part of the waitstaff's tips to employees who are not "tipped employees," such as the Floor Managers, General Managers, kitchen employees (cooks and dishwashers), and the wine steward.  (Comp. ¶¶ 53-56)

Plaintiffs have therefore made the minimal showing required to have this case certified as an FLSA collective action.

Plaintiffs' proposed collective action notice is limited to past or present waitstaff employees of EN (servers, runners, bussers and bartenders), and is based on the collective action notice approved in another case that involved claims of unpaid minimum wages and unlawfully expropriated tips, *Sipas v. Sammy's Fishbox, Inc.*, 2006 WL 1084556 (S.D.N.Y. April 24, 2006).  *See* Lucas Decl. ¶ 2 and Exs. "B" and "C" thereto.

## POINT II

### THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

This Court should exercise its supplemental jurisdiction over Plaintiffs' state law claims because:  **(A)** Plaintiffs' state law overtime claims are expressly dependent on the application of federal law in an area of law where the federal courts have far more experience than the state courts; and **(B)** Plaintiffs' tip appropriation claim under NYLL § 196-d involves the same dispositive issue that must be litigated in connection with Plaintiffs' FLSA claim – *i.e.*, whether EN diverted a portion of Plaintiffs' tips to employees who are not "tipped employees".

#### A. The state law minimum wage claim primarily depends on the application of federal law

The federal and state law claims in this case involve the identical issue of whether Defendants violated federal and state minimum wage laws by unlawfully taking a "tip credit" after diverting a portion of the waitstaff's tips to employees who are not tipped employees, and the substantially overlapping issue of whether Defendants violated New York Labor Law § 196-d by diverting Plaintiffs' tips.  If Defendants are found to have taken the minimum wage "tip credit" in violation of federal law by diverting part of

the waitstaff's tips to employees who are not "tipped employees," then they

will be <u>necessarily</u> liable for having violated the NYLL because the NYLL

uses the minimum wages payable under the FLSA as a benchmark for

determining the minimum wages payable to tipped employees under state

law.  NYLL § 652(4).

**B.    The NYLL § 196-d claim involves
        the same dispositive issue
        that must be litigated
        in connection with Plaintiffs' FLSA claim**

If Plaintiffs establish that Defendants permitted employees who are

not "tipped employees" to receive a share of the waitstaff's tips, then, in

addition to being liable for violating the minimum wage laws (29 U.S.C. §

203(m)), Defendants will be necessarily liable for violating NYLL § 196-d,

which states, in pertinent part, that "No employer or his agent or an officer

or agent of any corporation, or any other person shall demand or accept,

directly or indirectly, any part of the gratuities, received by an employee, or

retain any part of a gratuity or of any charge purported to be a gratuity for an

employee."  *See Chan v. Sung Yue Tung Corp.*, 2007 WL 313483, * 19

(S.D.N.Y. 2007) ("plaintiffs are entitled to recover the difference between

the full minimum wage and the reduced hourly wage they were paid because

of the tip credit allowance that the defendants took.  [citation omitted]

Plaintiffs are also entitled to recover the amount of tips that the defendants illegally retained.")

Judge Crotty's decision in *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007) is directly on point. *Duchene* involved an FLSA collective action and Rule 23(b)(3) class action by waiters who worked at Sparks Steak House, which used the tip credit to offset its minimum wage obligations. Like the case at bar, the waiters in *Duchene* claimed that their employer violated federal and state minimum wage laws and NYLL § 196-d by diverting a portion of the waiters' tips to employees who are not "tipped employees".

In rejecting the employer's argument that it should not exercise supplemental jurisdiction over the plaintiffs' NYLL § 196-d claim, the *Duchene* Court concluded:

> Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims if the state and federal claims and the FLSA claims "derive from a common nucleus of operative fact," such that the parties "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Here, the state and federal claims arise out of precisely the same conduct by Defendant, and there is no indication that the state claim would predominate over the federal claim. Moreover, similar claims have regularly been tried together by courts in this district. *See, e.g., Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. March 30, 2006); *Chung v. New Silver Palace Restaurant, Inc.,* 272 F.Supp.2d 314 (S.D.N.Y.2003).

> The Court therefore exercises supplemental jurisdiction over
> Plaintiff's state law claims.

244 F.R.D. at 203.

## C.    Exercising supplemental jurisdiction will avoid wasteful, duplicative litigation and inconsistent results

Exercising supplemental jurisdiction will also avoid wasteful,

duplicative litigation and the possibility of inconsistent results.  In a

scholarly discussion of the federal courts' supplemental jurisdiction over

class-wide state law, Judge Hellerstein stated in *Ansoumana v. Gristede's

Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001):

> If the related FLSA and [New York] Minimum Wage Act
> claims were to be litigated in parallel fashion, in this court and
> in the New York Supreme Court, there would be great potential
> for confusion of issues; considerable unnecessary costs,
> inefficiency and inconsistency of proceedings and results; and
> other problems inherent in parallel class action litigation. *See*,
> *e.g.*, William W. Schwarzer et al., Judicial Federalism in
> Action: Coordination of Litigation in State and Federal Courts,
> 78 VA. L. REV. 1689 (1992); Paul Beckett, Companies Still
> Fear Class-Action Suits, Wall St. J., Apr. 4, 1997, at B2
> (discussing the high costs to companies that result from
> defending multiple class actions in state and federal courts).
> The writers note the problems and needless expense of
> overlapping, uncoordinated discovery; differing rulings by
> multiple courts with respect to discovery, relevance and
> privilege; differing and conflicting rulings on issues of both
> procedure and substance; collateral estoppel issues with respect
> to interlocutory rulings; and the difficulties of managing joint
> trials even where multiple courts agree jointly to manage
> complex litigations. Congress enacted Section 1367 to avoid
> such problems. Defendants short-sightedly argue to reverse the
> Congressional wisdom. I decline to do so.

201 F.R.D. at 96.

Judge Hellerstein also made clear that the fact that NYLL claims are subject to a six year statute of limitations rather than the two or three year statute of limitations for FLSA violations presents no impediment to a federal court's exercise of supplemental jurisdiction:

> The existence of a longer statute of limitations in a related state claim is not a unique phenomenon, and district courts commonly exercise supplemental jurisdiction in such circumstances. *See*, *e.g.*, *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995) (supplemental claim jurisdiction in similar federal and state employment discrimination cases, with longer state limitations), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

*Id.*, at 90.

## POINT III

### THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER RULE 23(a) ARE SATISFIED

"Although a trial court must conduct a 'rigorous analysis' to ensure that the prerequisites of Rule 23 have been satisfied before certifying a class, 'a motion for class certification is not an occasion for examination of the merits of the case.'" *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 134-35 (2d Cir. 2001) (quoting *Caridad v. Metro-North Commuter*

14

*R.R.,* 191 F.3d 283, 291 (2d Cir.1999), *superseded by statute on other grounds as stated in Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,* 238 F.R.D. 82, 100 (S.D.N.Y.2006).

The factors set forth in Rule 23 are to be "construed liberally." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176 (2d Cir. 1990) (citation omitted). "When considering a motion for class certification, courts should consider the allegations in the complaint as true." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001) (quotation omitted); *See also In re Playmobil Antitrust Litigation,* 35 F.Supp.2d 231, 239 (E.D.N.Y. 1998) ("In determining whether to certify a proposed class, 'court [s] should rely on well-pleaded facts alleged in the complaint.'"; quoting Conte & Newberg, 2 *Newberg on Class Actions* § 7.20 (3rd ed. 1992)).

"Since Rule 23 is generally required to be liberally construed, these presumptions, arising at an early stage of the litigation, are invoked for the most part in favor of upholding the class." *In re Playmobil Antitrust Litigation,* 35 F.Supp.2d at 239 (quoting *Newberg on Class Actions* § 7.17 (3rd ed. 1992)). "A well-pleaded complaint shifts the burden of disproving class facts to the party opposing the class." *In re Playmobil Antitrust*

*Litigation*, 35 F.Supp.2d at 239 (quoting *Newberg on Class Actions* § 7.23 (3rd ed. 1992)).

"Furthermore, Rule 23 contemplates a prompt class ruling by the court, often at the pleading stage." Conte & Newberg, *Newberg on Class Actions* § 7.20, pgs. 64-65 (4th ed. 2002) (internal and external footnotes omitted); *See* Fed. R. Civ. P. Rule 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.")

"[D]iscovery is not essential in most cases in order to reach a class determination." *Newberg on Class Actions* § 7.22, pg. 72 (4th ed. 2002) (citations omitted).

Plaintiffs have met each of Rule 23's requirements.

The proposed class consists of "all persons who have worked as members of the waitstaff (*i.e.*, servers, runners, bussers and bartenders) at EN between September [1], 2004 and the date of final judgment in this matter." (Complaint ¶ 23). The proposed class meets the four prerequisites of Rule 23(a):

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)     the claims of the representative parties are typical of the claims of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1-4).

## A.     Plaintiffs are so numerous that joinder is impracticable

"In the Second Circuit, 'numerosity is presumed at a level of 40 members.'" *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001), quoting *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995).  Since it opened in September 2004, EN has employed at least 55 waitstaff employees.  Accordingly, Plaintiffs have presumptively met the numerosity requirement.

Rule 23(a) also looks to whether "joinder of all members is impracticable."  In this regard, the Second Circuit has observed:

> Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members.

*Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (citations omitted).

The maintenance of a separate state court class action suit to vindicate Plaintiffs' NYLL rights would be wasteful and could well produce conflicting results.  Moreover, few, if any, of the class members are likely to

have the resources to initiate and prosecute individual claims against

Defendants, especially given the comparatively small amount of money at

issue for each individual Plaintiff, and the likely need to pay for expert

accountants to audit Defendants' books and records.  In addition, several of

the class members reside in other states.

Finally, in defining impracticability, courts have observed that "the

concern for possible employer reprisal action exists and renders the

alternative of individual joinder less than practicable."  *Adames v. Mitsubishi

Bank, Ltd.*, 133 F.R.D. 82, 89 (S.D.N.Y. 1989); *Ansoumana v. Gristede's

Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) ("fear of reprisals

(especially in relation to the immigrant status of many)" is a factor tending

to show impracticability).

**B.    Plaintiffs share common questions of law and fact**

The second requirement of Rule 23(a) is that class members share in

common "questions of law or fact." "[A] single common question may be

sufficient to satisfy this rule." *Ansoumana v. Gristede's Operating Corp.*,

201 F.R.D. 81 (S.D.N.Y. 2001), quoting *Marisol A. ex rel. Forbes v.

Giuliani*, 929 F.Supp. 662, 690 (S.D.N.Y.1996), *aff'd*, 126 F.3d 372 (2d

Cir.1997).

18

Plaintiffs allege that there is substantial commonality among themselves. During the relevant period, each Plaintiff worked as a waitstaff employee at EN; each received pay below the minimum wage because Defendants unlawfully took the minimum wage tip credit (Comp. ¶¶ 66, 74-75), failed to pay Plaintiffs for all hours worked (Comp. ¶ 67) and failed to pay Plaintiffs for the cost of laundering their uniforms (Comp. ¶¶ 76-78); and each was subject to a reduction in his or her share of the tip pool because pooled tip money was diverted to employees who are not "tipped employees." (Comp. ¶ 84). Accordingly, common questions of law and fact predominate.

## C.    Plaintiffs' claims are typical of the class

Rule 23(a)(3) also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."

Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim "arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability … When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Ansoumana v. Gristede's Operating*

19

*Corp.*, 201 F.R.D. 81, 86-87 (S.D.N.Y. 2001), quoting *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir.1993) (citations omitted).

The typicality requirement is met because the Complaint alleges that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.  (Complaint ¶¶ 48-51).

**D.      Plaintiffs will adequately represent the class**

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class."  This requirement is satisfied when the class representatives have no interests conflicting with the class. *See Sosna v. Iowa,* 419 U.S. 393, 403 (1975).  The named plaintiffs have no interests conflicting with the class.  (Xia Decl. ¶ 5; Clasen Decl. ¶ 5; Phutrakul Decl. ¶ 5).  Moreover, as detailed in the accompanying Declarations, the named Plaintiffs are educated, well-organized and ready, willing and able to represent the interests of the class of about 55-60 past and present waitstaff employees of EN.  (Xia Decl. ¶ 4; Clasen Decl. ¶ 4; Phurakul Decl. ¶ 2).  Accordingly, they are well qualified to serve as class representatives.

Plaintiffs have also retained adequate counsel to represent the class. "In most cases, adequate representation presumptions are usually invoked in

the absence of contrary evidence by the party opposing the class.  \*\*\*  On

the issue of professional competence of counsel for the class representative,

the presumption fairly arises that all members of the bar in good standing are

competent." *Newberg on Class Actions* § 3:12, at 78 (4th ed. 2002)

(footnotes omitted).  "[The Adequacy of Counsel requirement] is satisfied

where the class attorneys are experienced in the field or have demonstrated

professional competence in other ways, such as by the quality of the briefs

and the arguments during the early stages of the case." *In re Zyprexa*

*Products Liability Litigation*, 2008 WL 2696916 (E.D.N.Y. July 2, 2008)

(citations omitted).

    Plaintiffs' counsel (Scott A. Lucas and Steven M. Sack) are

experienced in wage and hour litigation, including complex multi-party

litigations in the restaurant industry, and have successfully represented

waitstaff employees before the New York Court of Appeals in what is now

the leading case under NYLL § 196-d.  *Samiento, et al. v. World Yacht, Inc.,*

*et al.*, 10 N.Y.3d 70 (2008).  *See also* Lucas Decl. ¶¶ 5-10.  The Legal

Referral Service of the New York City Bar Association specifically referred

Plaintiffs to Lucas and Sack in light of their experience in this area of the

law.  Accordingly, Plaintiffs and their counsel will adequately represent the

interests of the class.  (Lucas Decl. ¶ 7)

## POINT IV

## PLAINTIFFS' STATE LAW CLAIMS
## ARE MAINTAINABLE AS A CLASS ACTION
## UNDER RULE 23(b)

Class certification is proper under Rule 23(b)(3) because common questions of law or fact "predominate over any questions affecting only individual members" and that a "class action is superior to other available methods for the fair and efficient adjudication of the controversy."

**A.      Common questions of law and fact predominate**

EN's unlawful diversion of the waitstaff's tips, failure to pay Plaintiffs' minimum wage, and misappropriation of tips all present issues that uniformly affect the class as a whole.  The only individualized questions pertain to the amount that a given Plaintiff has been damaged.  Accordingly, common questions of law and fact predominate.  *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).

**B.      Class Treatment is Superior to other alternatives**

Rule 23(b)(3) also examines whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The strikingly similar case of *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D.

202 (S.D.N.Y. 2007) is squarely on point.  There, Judge Crotty concluded:

> In the last analysis, the clearly available alternative of a separate action in New York State Supreme Court would be neither efficient, nor effective.  Whatever trend Sparks may have discerned in other circuits, courts in the Second Circuit routinely certify class action in FLSA matters so that New York State and federal wage and hour claims are considered together. *See, e.g., Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y.2001); *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303 (S.D.N.Y.1998). There is no good reason to depart from these precedents, especially where so many of the facts are common to both federal and state claims.

244 F.R.D. at 204; *See also Torres v. Gristede's Operating Corp.*, 2006 WL

2819730 (S.D.N.Y. Sept. 29, 2006), where the court concluded:

> [T]he class members' interests in individually controlling the prosecution are minimal. No class members wish to bring or have brought individual actions. Because litigation costs would likely exceed any gains from overtime wage recovery, class members would be unlikely to litigate individually. In addition, since some class members are still employees of Defendants, class members may fear reprisal and would not be inclined to pursue individual claims.  The Court further finds that "a class action would eliminate the risk that questions of law common to the class will be decided differently in each lawsuit."

2006 WL 2819730, at * 16 (internal and external citations omitted).

Accordingly, a class action is superior to any of the alternatives.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the instant motion be granted.


Dated:        New York, New York
              August 28, 2008

                              LAW OFFICES OF SCOTT A. LUCAS

                              By_____/s/_____
                                  Scott A. Lucas (SL-6316)
                                  Steven M. Sack, Of Counsel (SS-4479)
                                  The Lincoln Building – Suite 1001
                                  60 East 42nd Street
                                  New York, NY 10165
                                  (212) 573-6906
                                  *Attorneys for Plaintiffs*