FOX ROTHSCHILD LLP
Carolyn D. Richmond (CR-0993)
Eli Z. Freedberg (EF-6854)
100 Park Avenue, Suite 1500
New York, New York 10017
Phone: (212) 878-7900

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YOU YOU XIA, PETER CLASEN and : **ECF CASE**
CHULEEPORN PHUTRAKUL, individually and :
on behalf of all others similarly situated, :
: **08-CV-4415 (JGK)**
Plaintiffs, :
:
-against- :
:
BYO CO. (USA) d/b/a EN and REIKA YO, :
:
Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants BYO CO. (USA) d/b/a EN ("En") and REIKA YO, ("Yo") (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of plaintiffs YOU YOU XIA, PETER CLASEN and CHULEEPORN PHUTRAKUL (collectively "Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

1. In response to paragraph 1 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act and New York's Labor Laws. Defendants deny the substantive allegations of the Complaint and any allegations involving the collective action and do not waive the right to challenge those allegations in this Court.

2. In response to paragraph 2 of the Complaint, Defendants deny the allegations.

3. In response to paragraph 3 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action and seek redress for an alleged violation of the Fair Labor Standards Act and New York's Labor Laws. Defendants deny the substantive allegations of the Complaint and any allegations involving the collective action and do not waive the right to challenge those allegations in this Court.

## JURISDICTION AND VENUE

4. In response to paragraph 4 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over the First Claim for Relief under the Fair Labor Standards Act.

5. In response to paragraph 5 of the Complaint, Defendants admit that venue is proper. Defendants further admit that they conduct business in this District.

## THE PARTIES

**Plaintiffs**

6. In response to paragraph 6 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the current residence of Plaintiff Xia.

7. In response to paragraph 7 of the Complaint, Defendants admit the allegations.

8. In response to paragraph 8 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the current residence of Plaintiff Clasen.

9. In response to paragraph 9 of the Complaint, Defendants admit the allegations.

10. In response to paragraph 10 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the current residence of Plaintiff Phutrakul.

11. In response to paragraph 11 of the Complaint, Defendants admit the allegations.

12. In response to paragraph 12 of the Complaint, Defendants admit that Plaintiffs engaged in interstate commerce.

**Defendants**

13. In response to paragraph 13 of the Complaint, Defendants admit the allegations.

14. In response to paragraph 14 of the Complaint, Defendants admit the allegations.

15. In response to paragraph 15 of the Complaint, Defendants admit the allegations.

16. In response to paragraph 16 of the Complaint, Defendants deny the allegations, except to admit that Yo was an agent of En.

17. In response to paragraph 17 of the Complaint, Defendants deny the allegations as conclusions of law.

18. In response to paragraph 18 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

19. In response to paragraph 19 of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

20. In response to paragraph 20 of the Complaint, Defendants admit the allegations.

21. In response to paragraph 21 of the Complaint, Defendants deny the allegations as conclusions of law.

22. In response to paragraph 22 of the Complaint, Defendants admit the allegations.

23. In response to paragraph 23 of the Complaint, Defendants admit the allegations.

## CLASS ACTION ALLEGATIONS

24. In response to paragraph 24 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act and New York's Labor Law. Defendants deny the substantive allegations of the Complaint and any procedural allegations concerning the propriety of maintaining this lawsuit as a class action or collective action and do not waive the right to challenge those allegations in this Court.

25. In response to paragraph 25 of the Complaint, Defendants deny the allegations as conclusions of law.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, Defendants deny the allegations.

28. response to paragraph 28 of the Complaint, Defendants deny the allegations.

29. In response to paragraph 29 of the Complaint, Defendants deny the allegations as conclusions of law.

30. In response to paragraph 30 of the Complaint, Defendants deny the allegations as conclusions of law.

31. In response to paragraph 31 of the Complaint, Defendants deny the allegations as conclusions of law.

   a. In response to paragraph 31(a) of the Complaint, Defendants deny the allegations as conclusions of law.

   b. In response to paragraph 31(b) of the Complaint, Defendants deny the allegations.

   c. In response to paragraph 31(c) of the Complaint, Defendants deny the allegations.

NY1 350925v3 08/29/08

    d. In response to paragraph 31(d) of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

32. In response to paragraph 32 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that the Plaintiffs were employed by Defendants within the past six years.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

34. In response to paragraph 34 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations as conclusions of law.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

37. In response to paragraph 37 of the Complaint, Defendants deny the allegations as conclusions of law.

    a. In response to paragraph 37(A) of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

    b. In response to paragraph 37(B) of the Complaint, Defendants deny the allegations.

    c. In response to paragraph 37(C) of the Complaint, Defendants deny the allegations.

    d. In response to paragraph 37(D) of the Complaint, Defendants deny the allegations as conclusions of law.

38. In response to paragraph 38 of the Complaint, Defendants deny the allegations as conclusions of law.

## COLLECTIVE ACTION ALLEGATIONS

39. In response to paragraph 39 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act. Defendants deny the substantive allegations of the Complaint and all procedural allegations including those allegations concerning the treatment of this lawsuit as a collective action and do not waive the right to challenge those allegations in this Court.

40. In response to paragraph 40 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

41. In response to paragraph 41 of the Complaint, Defendants deny the allegations.

42. In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43. In response to paragraph 43 of the Complaint, Defendants deny the allegations.

44. In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45. In response to paragraph 45 of the Complaint, Defendants deny the allegations as conclusions of law and Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

46. In response to paragraph 46 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that the identities of Defendants' employees are known to them.

47. In response to paragraph 47 of the Complaint, Defendants deny the allegations as conclusions of law.

## CLASS-WIDE ALLEGATIONS

48. In response to paragraph 48 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

49. In response to paragraph 49 of the Complaint, Defendants deny the allegations, except to admit that their service employees earned more than $30 per month in tips.

50. In response to paragraph 50 of the Complaint, Defendants deny the allegations, and deny that they violated the law and/or that they harmed Plaintiffs in any way.

51. In response to paragraph 51 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

52. In response to paragraph 52 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

### THE "TIP POOL" AT EN

53. In response to paragraph 53 of the Complaint, Defendants deny the allegations.

54. In response to paragraph 54 of the Complaint, Defendants deny the allegations.

55. In response to paragraph 55 of the Complaint, Defendants deny the allegations.

56. In response to paragraph 56 of the Complaint, Defendants deny the allegations.

57. In response to paragraph 57 of the Complaint, Defendants deny the allegations.

58. In response to paragraph 58 of the Complaint, Defendants deny the allegations.

59. In response to paragraph 59 of the Complaint, Defendants deny the allegations.

60. In response to paragraph 60 of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

61. In response to paragraph 61 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

### FIRST CAUSE OF ACTION

## **UNPAID MINIMUM WAGE**

### **(Brought on behalf of Plaintiffs and the FLSA Collective)**

62. In response to paragraph 62 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-61.

63. In response to paragraph 63 of the Complaint, Defendants deny the allegations as conclusions of law.

64. In response to paragraph 64 of the Complaint, Defendants admit the allegations.

65. In response to paragraph 65 of the Complaint, Defendants deny the allegations as conclusions of law.

66. In response to paragraph 66 of the Complaint, Defendants deny the allegations as conclusions of law.

67. In response to paragraph 67 of the Complaint, Defendants deny the allegations as conclusions of law.

   a. In response to paragraph 67(A) of the Complaint, Defendants deny the allegations.

   b. In response to paragraph 67(B) of the Complaint, Defendants deny the allegations.

   c. In response to paragraph 67(C) of the Complaint, Defendants deny the allegations.

68. In response to paragraph 68 of the Complaint, Defendants deny the allegations as conclusions of law.

69. In response to paragraph 69 of the Complaint, Defendants deny the allegations as conclusions of law.

70. In response to paragraph 70 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## SECOND CAUSE OF ACTION

## UNPAID MINIMUM WAGE

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

71. In response to paragraph 71 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-70.

72. Paragraph 72 does not contain any allegations of fact that can be admitted or denied.

73. In response to paragraph 73 of the Complaint, Defendants deny the allegations as conclusions of law.

74. Paragraph 74 does not contain any allegations of fact that can be admitted or denied.

   a. Paragraph 74(A) does not contain any allegations of fact that can be admitted or denied.

   b. Paragraph 74(B) does not contain any allegations of fact that can be admitted or denied.

75. In response to paragraph 75 of the Complaint, Defendants deny the allegations as conclusions of law.

76. In response to paragraph 76 of the Complaint, Defendants deny the allegations as conclusions of law.

NY1 350925v3 08/29/08

77. Paragraph 77 does not contain any allegations of fact that can be admitted or denied.

78. In response to paragraph 78 of the Complaint, Defendants deny the allegations as conclusions of law, except to admit that Defendants required their employees to launder and maintain their uniforms.

79. In response to paragraph 79 of the Complaint, Defendants deny the allegations as conclusions of law.

80. In response to paragraph 80 of the Complaint, Defendants deny the allegations as conclusions of law.

81. In response to paragraph 81 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

## THIRD CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS IN VIOLATION OF THE NYLL

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

82. In response to paragraph 82 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-81.

83. Paragraph 83 does not contain any allegations of fact that can be admitted or denied.

84. In response to paragraph 84 of the Complaint, Defendants deny the allegations.

85. In response to paragraph 85 of the Complaint, Defendants deny the allegations and deny that they violated the law and/or that they harmed Plaintiffs in any way.

In response to the Paragraphs under "**PRAYER FOR RELIEF**" Defendants deny that Plaintiffs are entitled to the relief requested, or any relief.

NY1 350925v3 08/29/08

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent that Plaintiffs have or had unclean hands. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTH AFFI RMATIVE DEFENSE

Defendants have at all times acted in good faith and have had reasonable grounds for believing that its pay practices complied with federal and state law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### EIGHTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. §216(b) because they are not similarly situated. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable Statute of Limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 350925v3 08/29/08

## TENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Fed.R.Civ.P. 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or New York Law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any work week during the period of time they were employed in a non-exempt capacity. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b). This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs to the extent the Department of Labor has already investigated and issued a determination or otherwise resolved any prior claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 350925v3 08/29/08

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs previously received compensation for his alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendants hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiffs. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs and the putative collective action members take nothing by the Complaint;

B. That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C. For such other relief as this Court may deem just and proper.

Dated: New York, New York
August 29, 2008

> FOX ROTHSCHILD LLP
> *Attorneys for Defendants*
>
> By: Carolyn D. Richmond (CR-0993)
> Eli Z. Freedberg (EF-6854)
> 100 Park Avenue, Suite 1500
> New York, New York 10017
> (212) 878-7900

NY1 350925v3 08/29/08

## **CERTIFICATE OF SERVICE**

ELI Z. FREEDBERG, an attorney admitted to practice in this Court, hereby states that on August 29, 2008, I caused a true and correct copy of the foregoing Defendants' Answer And Affirmative Defenses To The Complaint to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Scott A. Lucas
LAW OFFICES F SCOTT A. LUCAS
60 East 42ND Street, Suite 1001
New York, NY 10165
(212) 573-6906

_____
Eli Z. Freedberg (EF-6854)